## ROBINSON & al. versus BUNKER.

The lien which a party has on all logs and lumber for personal services performed thereon, may be secured by *attachment* of the property.

But where judgment has been rendered on *such claim*, and the attachment *lost* by lapse of time, no *lien* claim can be enforced by an *alias* execution issued thereon.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

REPLEVIN for a quantity of spruce logs.

After the evidence was out, it was agreed that the case should be reported for the consideration of the full Court, with authority to draw such inferences from the evidence legally admissible or not objected to, as a jury, and enter such judgment as the law required.

The Court found the defendant, as an officer, seized the logs replevied, upon an *alias* execution issued upon a judgment which was recovered for a *lien* claim upon them. The plaintiffs were the owners of the logs, but not the debtors for the lien.

Since the commencement of this action, the execution on which the property was seized had been discharged by the creditor.

*J. S. Abbott*, for defendant.

*Marshall*, with whom was *Webster*, for plaintiffs.

Robinson *v.* Bunker.

APPLETON, J. — The defendant justifies the taking of the logs replevied, as an officer, by virtue of an *alias* execution in favor of A. A. W. Boynton against Wright Pinkham & al. The judgment upon which the execution issued was on a claim for work and labor done by the plaintiff therein, on the logs in controversy. The general property is conceded to be in the plaintiffs in this action, and the defence rests upon the provisions of the Act of 1848, c. 72, " giving to laborers on lumber a lien thereon."

The execution under which the seizure was made has been discharged since the commencement of this suit. It is therefore apparent, that the defendant is not entitled to a return.

But the counsel for the defendant while admitting this, insists, that the original taking was legal, and that consequently, the defendant is entitled to costs. The right to attach and sell for a lien claim is given by the statute of 1848, to which reference has been made, and the party seeking to enforce it, must pursue his remedy in the mode therein provided. He can have no other, for the lien exists only by statutory enactment. By c. 72, § 1, the lien is given the laborer on all logs and lumber he may aid in cutting, hauling or driving, " for the amount stipulated to be paid for his *personal* services and actually due." It is provided by § 2, " that any person having a lien as aforesaid, may secure the same by attachment. The lien consequently, can only be enforced in a suit brought for *personal services*, and by pursuing such suit to final judgment and seizing and selling on the execution issued thereon the logs or lumber attached, before the attachment thus made shall have been lost by lapse of time. The lien given by the statute has once been secured, but the creditor permitted the execution which he obtained to expire without any attempt to enforce it.

The question now presented for consideration is, whether the lien can be enforced on an *alias* execution issued on a judgment rendered on a lien claim, when an attachment was originally made, but subsequently lost by the neglect of the

creditor. When judgment has been rendered, the claim and the attachment, by which the lien might have been secured, is lost, the claim ceases to be for an " amount stipulated to be paid for personal services." The judgment, as in this case, may have been rendered upon a lien claim, but it is now a judgment of a Court of record.

The creditor cannot enforce a lien by attachment, in a suit upon such judgment, because he is a judgment creditor, his claim for personal services being merged in his judgment. The costs incident to the enforcement of his lien might have been collected in the suit in which they accrued. Not having been then collected, they become a component part of the new judgment recovered, which being for another and greater claim than that due for personal services, ceases to be within the meaning or spirit of the Act. *Bicknell* v. *Trickey,* 34 Maine, 273.

But if no attachment of the logs on which the labor was done could be made to secure the lien, neither can they be seized after the expiration of thirty days on the first or any subsequent execution. The lien is only to be *secured* by attachment in the first instance and when thus secured it must be perfected by seizure on the execution within thirty days. That an attachment has been made and lost, is as though it never had been. The statute gives no security to a judgment creditor, as such, though the judgment may have been rendered on claims for personal services. The creditor, in a judgment rendered upon a lien claim, having seasonably attached the logs upon which he has such claim, and having obtained judgment and execution, must enforce it before the expiration of his attachment, by seizure and sale on execution; because, in this way alone, his original lien can be continued and perfected.          *Defendant defaulted.*

SHEPLEY, C. J., and TENNEY and RICE, J. J., concurred.